HAMITER, Justice.
This litigation commenced as a jactitation action, the plaintiff, Miami Corporation, having alleged defendant’s slandering of its title to, as well as disturbing its possession as owner of, lands in Township 15 South, Range 8 East, St. Mary Parish, the western boundary thereof being the same line (hereinafter sometimes referred to as the Smith line) located by the survey of V. E. Smith, C. E., as the range line between Township 15 South, Range 8 East ■and Township 15 South, Range 7 East, which survey was approved by the Honorable Luther E. Hall, Governor of Louisiana, on November 5, 1915, and is on file in the State Land Office.
The suit was precipitated and the alleged slander occurred when the defendant, State Mineral Board, asserted ownership in a tract of land of approximately 1000 acres lying east of and adjacent to the Smith line by seeking bids for a mineral lease thereon, such tract having been advertised for that purpose and described as follows: “Tract 3386 — St. Mary Parish — All of the unleased land, if any, belonging to the State of Louisiana, located in St. Mary Parish, Louisiana, (a) lying East of the East line of Fraction Sections five, twelve and thirteen (5, 12 and 13), Township fifteen (15) South, Range seven (7) East (extended North, if necessary, to intersect the South line of Township fourteen (14) South, Range seven (7) East) of the V. E. Smith, C. E., survey made in the month of September, 1912 [1915], approved by L. E. Hall, Governor of Louisiana, on November 5, 1915, on file in the State Land Office; (b) lying South of the line between Township fourteen (14) South, Range seven (7) East and Township fifteen (15) South, Range seven (7) East, extended East, if necessary to intersect the West range line of Township fifteen (15) South, Range eight (8) East; (c) lying West of the West line of Township fifteen (15) South, Range eight (8) East; and (d) lying North of the Coast line of Cote Blanche Bay, estimated by the State Mineral Board to contain a maximum of 1,000 acres. Any lease to be without any warranty of title whatsoever not even as to the return of any money received by the State for or on account of such lease.” (Brackets ours.)
The defendant excepted to the petition as disclosing neither a right nor a cause of action. The exceptions were referred to the merits.
Answer was then filed in which defendant set up ownership to the land described as Tract 3386. In this connection it denied that the western boundary of plaintiff’s property is the line located by V. E. Smith, C. E., in 1915 (The Smith line), and it expressly averred that such boundary is the west range line of Township 15 South, Range 8 East as established by the approved survey of A. F. Rightor and A. McCollum in 1837 and 1838. (As hereafter shown defendant claims that the alleged Rightor-McCollum range line is approximately 4000 *168 feet east of the Smith line and that about 1000 acres lie between the two lines.)
Intervening in the case, and supporting the position of plaintiff, was the Superior Oil Company which holds three oil, gas and mineral leases affecting plaintiff’s lands.
Thereafter plaintiff and intervenor filed pleas of estoppel. The former also tendered alternative pleas of ratification, approval, confirmation and acquiescence. The court reserved its ruling on all of these pleas.
Following a trial of the merits the district judge decided the cause favorably to plaintiff and intervenor. The judgment rendered and signed, among other things, overruled defendant’s exceptions of no right and no cause of action; it sustained the respective special pleas of plaintiff and intervenor ; it quieted plaintiff’s possession of the lands which it claims as owner in Township 15 South, Range 8 East, St. Mary Parish, recognizing the western boundary of such property as the line located by the survey of V. E. Smith, C. E.; it permanently enjoined defendant from advertising for and granting an oil, gas and mineral lease on the land described as Tract 3386; it rejected the demands and claims of defendant; and it decreed the boundary or range line between Township 15 South, Range 8 East and Township 15 South, Range 7 East to be the line located by the Smith survey.
From the judgment, defendant, the State Mineral Board, is appealing.
Reurging here its exceptions of no right and no cause of action, defendant questions the sufficiency of plaintiff’s' allegations. To quote from the brief of its counsel, it takes the position: “If this is simply a slander of title or jactitation suit, plaintiff has made no allegation in the petition which definitely shows that the lands acquired by it in Township 15 South, Range 8 East, actually coincide with or are a part of Tract 3386. The Rightor and McCollum survey and the Smith survey, both of which are public records, clearly show that Tract 3386 is either located in Township 15 South, Range 7 East, or constitutes a hiatus between the west line of the Rightor and McCollum survey and the east line of the V. E. Smith survey.”
The exceptions, we think, were properly overruled by the district judge. Plaintiff instituted a jactitation action— that which presents the question of whether it is in possession as owner of the land in dispute — and the petition contains the allegations essential for a suit of that nature. Thus, plaintiff alleged its actual possession as owner, for more than one year preceding the complained of disturbance, of lands in St. Mary Parish, bounded on the west by the line located by the Smith survey as the range line between Township 15 South, Range 8 East and Township 15 South, Range 7 East; it set out the title under which it claims; and it further alleged defendant’s slander and disturbance of its title and possession by advertising *170 for an oil, gas and mineral lease on Tract .3386, described in the advertisement (quoted in the petition) as lying east of the Smith line and in the same latitude as the lands assertedly possessed and owned by plaintiff. These allegations clearly reveal that the advertised Tract 3386 is coincidental with a great portion of the lands claimed by plaintiff.
On the merits of the case, as shown by his well considered written reasons for judgment, the district judge took the view (and we think correctly) that the defendant, since it set up in its answer ownership by the State of the land of which plaintiff claims possession, had converted the suit into a petitory action with the burden upon it to establish the State’s title. Realty Operators, Inc., v. State Mineral Board, 202 La. 398, 12 So.2d 198; Hunt Trust v. Crowell Land & Mineral Corporation, 210 La. 945, 28 So.2d 669.
Then, in deciding in favor of plaintiff and intervenor, the judge reasoned as follows :
“The plea of estoppel, ratification and acquiescence filed by the plaintiff and intervenor, as well as the various objections urged by them on trial, a ruling upon all of which was reserved by the Court, are all so closely related to the merits of the case that they will necessarily have to be considered therewith.
“Defendant’s contention is that the range line between Township 15 South, Range 7 and Township 15 South, Range 8, was fixed by the Rightor and McCollum survey, several thousand feet east of the range line fixed by the Smith survey. If this be true, unless the land has been disposed of, the action being petitory, the State of Louisiana, necessarily, must be declared the owner of the unleased land, if any, lying east of the three named sections in Township 15 South, Range 7 East, or of the Smith line and between it and the west line of Township 15 South, Range 8.
“If, on the other hand, the Smith line is the correct line, plaintiff’s title should be recognized.
“Defendant’s contention is that (1) when plaintiff acquired whatever land it acHially owns, the Smith line was non-existent; (2) that the Smith survey was not made for the purpose of establishing a range line or to mark the boundary of plaintiff’s lands; (3) plaintiff purchased according to the Rightor and McCollum survey, and it is bound to have done so, for the State acquired lands now owned by plaintiff with other lands in Township 15 South, Range 8 East on the basis of such survey, and then divested itself of such lands by issuing patents, plaintiff finally acquiring its title through mesne conveyance emanating from patentees.
“The very wording of the advertisement by defendant Board indicates doubt in the minds of the State officials that there is some unsurveyed land belonging to the State lying east of the Smith line and be *172 tween it and the west line of Township 15, Section [Range] 8. This, in my opinion, is tantamount to an expression of doubt as to whether Range 8, within which Range plaintiff’s land lies under its deed, .extends to the Smith line, or whether it extends only to the line claimed to have been fixed by Rightor and McCollum.
“This being true, the question arises, why this doubt and uncertainty? The answer, it seems to me is, that the State officials themselves are impressed, at least to some extent, of the correctness of plaintiff’s contention, i. e., that the Smith line may be the correct range line between the two townships and that plaintiff’s deed might, after all, correctly describe the lands which defendant now claims lie east of the Smith line and extending to the line claimed to have been established by the Rightor and McCollum survey.
“As properly stated by counsel for defendant and intervenor, the basic question presented is, does Tract 3386, as it was advertised for lease, exist ?
“It seems to me that the reference in plaintiff’s deed, as well as that reference in the patents issued to their ancestors in title to the Rightor and McCollum survey was predicated upon the correctness of the said survey; and that if the said • survey did not properly locate the range line, that fact alone could not deprive plaintiff of land contained in the township and sections [ranges] named in their title papers.
“Defendant’s contention is that plaintiffs; are bound by the Rightor and McCollum, survey, right or wrong.
“While I am willing to concede that the-question presented is difficult to decide,, after careful consideration, I have concluded that the Smith line should be accepted by the Court as the range line between the two townships and that the land', alleged to compose Tract 3386, of whatever-acreage, is contained within Township 15-South, Range 8 East.
“If this conclusion is warranted by the-evidence the other points and objections made become more or less unimportant.
“From the Rightor and McCollum notes; and their plat of Township 15-8, it is apparent that they did not attempt to survey the entire township or the west line of the same. While their plat of Township 15-8 was approved by the Surveyor General, it was noted that part of the work of these surveyors, purporting to be as a survey, was not actually performed in the field, nor did they fix the northwest corner of the township. Defendant’s witness Hayne conceded that there were no-field notes made by Rightor and McCollum relating to Sections one to twelve, and as pointed out in intervenor’s brief, the west line of Section 18 which appears on the plat as surveyed could not be tied to anything except to their location of Cote Blanche Island, which location was held to be erroneous by the Supreme Court in the. *174 ■case of Theriot v. Caffery [160 La. 72, 106 So. 698].
“Theodore Kramer, C. E., found the west boundary to Township 15-8 to be co-existent with the Smith line, to which it appears plaintiff possessed.
“The record is barren of satisfactory proof of the existence of additional land in Township 15-7 lying east of the Smith line, ■or that Smith’s field notes were incorrect.
“The Smith field notes and plat were duly approved by the Governor, of Louisiana in 1915.
“To conclude that Tract 3386 in truth .and fact exists, this Court would have to ignore the Smith survey, and it would be ■compelled to locate the range line several thousand feet from where Smith found it. The evidence offered by defendant justifies •no such action, unless of course the Court ■should be guided by Hayne’s first composite •map which in a large measure was based upon the Rightor and McCollum survey of Township 15-7 which was never formally approved.
“It is true that plaintiff’s deed of acquisition does not describe any lands in Township 15 South, Range 7 East, nevertheless if the lands conveyed and described .as being in Township 15-8, did actually ■extend into Township 15 South, Range 7 East, based upon a correct survey and a proper fixing of the range line between the .two sections, and plaintiff went into possession of lands beyond the line improperly fixed, but no further than the true range line, it is my opinion that the State can not be heard to question plaintiff’s title.
“It is my opinion that the establishment by Smith of the range line between Township 15 South, Range 7 and Range 8 East, (done with full authority and later approved) fixed the boundary between the lands belonging to the State and the landowners in Township 15 South, Range 8 East, and that the same should not be disturbed. Indeed, I am of the opinion that the plea of estoppel and acquiescence pleaded by the plaintiff should be sustained for the simple reasons that, (1) the Smith survey was made at the instance of the State and subsequently approved by the Governor; (2) since its approval, .it has been accepted as properly locating the boundary line between the two sections [ranges] by the State and by persons acquiring lands from the State. Unquestionably, the intervenor herein relied and had the right to rely upon the boundary line as fixed by Smith when acquiring the oil and mineral leases described in its petition.
“Further discussion is unnecessary. The record is voluminous and the offerings are many. A more lengthy and detailed opinion would perhaps be more appropriate. However, having reached the foregoing conclusions from the evidence, and being pressed for time, I see no impelling reason to elaborate further.
*176 “For the reasons assigned judgment will be rendered herein decreeing the boundary-line between Township 15 South, Range 7 East and Township 15 South, Range 8 East, Parish of St. Mary, Louisiana, to be that located by V. E. Smith, C. E., in a survey made by him and approved by Governor L. E. Hall November 5. 1915, on file in the State Land Office, and further decreeing the plaintiff to be the lawful owner of the land described in paragraph III of its petition; and further, sustaining the plea of estoppel and acquiescence filed by the plaintiff and intervenor, and overruling defendant’s exception of no cause and no right of action; and further granting a permanent injunction as prayed for.
“Judgment will be signed accordingly.” (Brackets ours.)
Even without considering the several incidental and discussed pleas, we are satisfied that the decision on the merits rendered favorably to plaintiff and intervenor is correct. In our opinion the defendant, having converted the suit into a petitory action, has failed to discharge the burden that it assumed of establishing -the State’s title to the disputed land, the actual possession of which, according to the record, has been held by plaintiff for many years.
In endeavoring to prove the State’s title defendant took the position that the true range line beween Township 15 South, Range 7 East and Township 15 South, Range 8 East is that surveyed by Rightor and McCollum, United States Deputy Surveyors, in 1837 and 1838 and which 'lies-approximately 4000 feet east of th^. Smith line. Then, in support of such position, it offered and relied exclusively on the testimony of Mr. H. M. Hayne, a qualified civil engineer and Chief of the State Land Section of the Department of Public Works, together with maps prepared by -him, which announced his conclusions drawn, from the field notes and plats of the Right- or-McCollum survey. But such evidence, for the several reasons hereinafter noted, does not satisfactorily disclose the establishment by Rightor and McCollum of a true and correct range or boundary line between the two townships in question. Neither does it reveal the existence of a hiatus (a tract of 1000 acres of unsurveyed lands belonging to the State) between such townships, a situation alternatively suggested by defense counsel as being possible.
Rightor and McCollum, according to the record, attempted only a partial survey of Township 15 South, Range 8 East and Township 15 South, Range 7 East. Their field notes and plats show that they ran merely a traverse along the coast of Cote Blanche Bay bordering those townships and several short lines into the interior, including one 38.61 chains along what purports to be the boundary between the two townships. They did not run the upper t-wo miles of that boundary, or the northern boundary of the two townships, or the east boundary of Township 15 South, Range 8 *178 East. Too, their partial survey of Township 15 South, Range 7 East, including the •38.61 chains run as the boundary or range 'line between that township and Township 15 South, Range 8 East, was not approved by the United States Surveyor General; •and it in reality, because of such non-ap•proval, was no survey at all. Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332. In fact, such unapproved partial survey of Township 15 South, Range 7 East was held to be erroneous by this court in Theriot v. Caffery, 160 La. 72, 106 So. 698.
From the field notes and plats of the .Rightor-McCollum partial survey of the ■two townships, Mr. Hayne, defendant’s only ■witness, concluded that the Smith line was not the western boundary (range line) of 'Township 15 South, Range 8 East, but that ¡such boundary was a line approximately 4000 feet east of the Smith line, the acreage between the two amounting to about 1000 acres. In reaching this conclusion, however, he did not retrace or identify on the ground the Rightor-McCollum lines, .according to his own testimony he has nev•er been in that area. Furthermore, Mr. Theodore Kramer, another civil engineer a.nd a person who has surveyed extensively •in Township 15 South, Range 8 East, testified that such lines cannot be so retraced for the reason that no corners identifying them exist in that township.
All that Mr. Hayne did in delineating the range line about which he testified (and lie admitted that any other competent draftsman could do likewise) -was to transpose on the maps that he prepared certain data from the Rightor-McCollum field notes and plats. His delineation was based wholly on recitals of the field notes that the range line was located a little better than three miles west of the Jaws (the mouth of a large bayou) in Township • 15 South, Range 8 East and a little over a mile and quarter east of the fresh water stream coming out of Cote Blanche Island in Township 15 South, Range 7 East; and from these he concluded that the range line was a -proportional distance between these two listed and material calls. In determining this proportional distance and in delineating his line, it is important to notice, Mr. Hayne relied upon the unapproved, erroneous Rightor-McCollum survey of Township 15 South, Range 7 East — a survey which, as found by this court in The-riot v. .Caffery, supra, placed Cote Blanche Island (from which the fresh water stream emanated) nearly half a mile west of its correct location.
There are other circumstances which further compel the entertaining of considerable doubt as to the correctness of Mr. Hayne’s delineated line. According to the record, especially to the applicable official township plat and to the patents issued by the State, Township 15 South, Range 8 East calls for a width (from east to west) of six full miles; and the evidence is conclusive* that the range line between it and the township on its east (Township 15 *180 South, Range 9 East) is common and has been established on the ground for many years. Now if Mr. Hayne’s conclusion respecting the Rightor-McCollum line is accepted as establishing the western boundary of Township 15 South, Range 8 East, that township will thereby either be reduced to approximately five and one-quarter miles in width to the prejudice of the landowners therein or it will overlap Township 15 South, Range 9 East by about 4000 feet. By accepting the Smith line as the correct boundary, on the other hand, the owners of land in Township 15 South, Range 8 East will retain all of the property called for by the original patents issued to their respective ancestors in title, and the landowners in Township 15 South, Range 9 East will not be disturbed.
For the reasons assigned the judgment appealed from is affirmed.